UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELSON YOEN MUNGUIA-FIGUEROA a/k/a YOEN HELSON MUNGUIA-FIGUEROA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Northwest ICE Processing Center; and ACTING DIRECTOR, Seattle Field Office, ICE ERO,<br><br>Respondents. | C26-3714 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 6. Having reviewed all papers filed in support of, and in opposition to the petition, the Court enters the following Order.

**Background**

Petitioner Helson Yoen Munguia-Figueroa, also known as Yoen Helson Munguia-Figueroa, is a citizen of the Republic of Honduras. Hubbard Decl. at ¶ 3 (docket no. 8). Petitioner entered the United States in March 2023. *Id.* In May 2026, petitioner was a passenger in a vehicle registered to a national of the Republic of El Salvador "with no legal status in the United States." Ex. 1 to Wong Decl. (docket no. 9-1 at 4). The vehicle

was stopped after leaving a construction site in Kalispell, Montana, based on an unknown individual's report that "illegal aliens" were allegedly working there. *Id.* Five people, none of whom were nationals of El Salvador, and one of whom had "proper immigration documents," were in the vehicle, including petitioner. *Id.* Petitioner was arrested without a warrant and eventually transported to the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC"). *Id.*; *see also* Hubbard Decl. at ¶¶ 4–5 (docket no. 8).

On July 30, 2026, a bond hearing was conducted, and the immigration judge signed a check-box form of order denying a change in custody on the ground that petitioner poses a flight risk. *See* Ex. 3 to Wong Decl. (docket no. 9-3). Neither a written decision by the immigration judge nor a recording or transcript of the hearing has been provided. A deportation officer employed by the United States Department of Homeland Security ("DHS") has declared that the immigration judge based her decision on petitioner's "minimal presence in the United States, lack of ties to the community, lack of relief from removal, and lack of legal status of his immediate family in the United States." Hubbard Decl. at ¶ 6 (docket no. 8). The deportation officer makes no allegation that he was present during the bond hearing or has personal knowledge concerning the immigration judge's reasoning. The Court therefore disregards the deportation officer's unsubstantiated assertions.

On August 5, 2026, a different immigration judge ordered that petitioner be removed to Honduras. *See* Ex. 4 to Wong Decl. (docket no. 9-4). Petitioner has sought review by the Board of Immigration Appeals ("BIA") of both the denial of bond and the

removal order. Hubbard Decl. at ¶¶ 6–7 (docket no. 8). He now asks the Court to excuse or waive prudential exhaustion of administrative remedies, to direct that he be provided another bond hearing or released, and to require respondents to provide at least seven (7) days' notice before any transfer or removal. *See* Traverse at 4 (docket no. 10).

**Discussion**

The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional. *See* *W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026). The Court may excuse administrative exhaustion if (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." *See* *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). In this matter, in light of the present record, the Court waives prudential exhaustion.

Given the absence of information concerning why the immigration judge deemed petitioner a flight risk, the Court concludes that the immigration judge abused her discretion in refusing to release petitioner on bond. *See* *Hernandez v. Scott*, No. C26-2549, 2026 WL 2814250, at *2 (W.D. Wash. Sept. 20, 2026) ("The failure to provide a reasoned explanation is an abuse of discretion."); *Ascencio-Zetino v. Scott*, No. 26-cv-2856, 2026 WL 2686835, at *4 (W.D. Wash. Sept. 14, 2026) ("Under

longstanding Ninth Circuit immigration precedent, the failure to provide any reasoned explanation is an abuse of discretion." (citing _Tadevosyan v. Holder_, 743 F.3d 1250, 1253 (9th Cir. 2014), and _Franco-Rosendo v. Gonzales_, 454 F.3d 965, 966 (9th Cir. 2006))). Counsel for respondent Julio Hernandez, Acting Director of the Seattle Field Office for ICE Enforcement and Removal Operations, has made no effort to support the immigration judge's "flight risk" finding, _see_ Return (docket no. 7),[1] and the record reflects no evidentiary basis for the determination. Indeed, the record contains no indication that the immigration judge considered the factors set forth in _In re Guerra_, 24 I. & N. Dec. 37 (B.I.A. 2006). _See_ _Ascencio-Zetino_, 2026 WL 2686835, at *4 (failing to "apply the _Guerra_ factors at the [bond] hearing itself," as opposed to doing so within an after-the-fact memorandum, constitutes "legal error"). Many of the _Guerra_ factors[2] favor petitioner's release; he has no known criminal arrests or convictions, no record of failing to appear for scheduled immigration proceedings, and no history of fleeing from

---

[1] Counsel for respondent Hernandez has instead argued that petitioner is "mandatorily" detained. _See_ Return at 1 (docket no. 7). This assertion is, however, inconsistent with the cited statutory provision, namely 8 U.S.C. § 1226(a), which permits the United States Attorney General to release a noncitizen on bond or conditional parole, as well as with DHS's own actions, which included providing petitioner a bond hearing and not questioning the immigration judge's jurisdiction over petitioner's request for a change in custody status. _See_ Ex. 3 to Wong Decl. (docket no. 9-3). Respondent Hernandez has waived the contention that petitioner is mandatorily detained.

[2] _See_ _Rodriguez Diaz v. Garland_, 53 F.4th 1189, 1197 (9th Cir. 2022) (explaining that an immigration judge "considers various factors" in deciding whether a detainee is "a danger to the community at large, likely to abscond, or otherwise a poor bail risk," including "the individual's ties to the United States as well as his [or her] employment history, criminal record, history of immigration violations, and manner of entry into this country" (citing _Guerra_, 24 I. & N. Dec. at 40)).

authorities. In addition, petitioner has a pending appeal before the BIA, which will serve as an incentive for him to remain in contact with DHS and appear for future proceedings. The Court is satisfied that, given the immigration judge's silence concerning why she checked "Flight Risk" on the form order dated July 30, 2026, Ex. 3 to Wong Decl. (docket no. 9-3), the appropriate remedy in this habeas matter is petitioner's release.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS as follows:

(1) The amended petition for a writ of habeas corpus, docket no. 6, is GRANTED. Within twenty-four (24) hours of the entry of this Order, respondents shall (a) SERVE a copy of this Order on petitioner, and (b) RELEASE petitioner Helson Yoen Munguia-Figueroa, also known as Yoen Helson Munguia-Figueroa, from custody at the NWIPC;

(2) Within forty-eight (48) hours of the entry of this Order, respondents shall file a declaration confirming that (a) petitioner was served with a copy of this Order, and (b) petitioner has been released from custody;

(3) Petitioner shall not be re-detained without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker unless (a) probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense, or (b) petitioner is subject to an order of removal that is both administratively and judicially final within the meaning of 8 U.S.C. § 1231(a)(1)(B) for purposes of computing the removal period referenced in 8 U.S.C. § 1231(a)(2)(A); and

(4) The Clerk is directed to enter judgment consistent with this Order after the declaration required by Paragraph 2, above, has been filed, and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 28th day of October, 2026.

Thomas S. Zilly
United States District Judge